IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID LEE DAVIS, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 3:15-CV-535-MHT
) [WO]
)
CHAMBERS COUNTY DETENTION )
FACILITY and OFFICER CAMPBELL, )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by David Lee Davis ("Davis"), an indigent inmate. In the complaint, Davis alleges that he was subjected to the use of excessive force by defendant Campbell sometime in 2013.

Upon review of the complaint, the court concludes that the plaintiff's claim against the Chambers County Detention Facility is subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as a county detention facility is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).[1] In light of the foregoing, the plaintiff's claim against the Chambers County Detention Facility is due to be dismissed as frivolous in accordance with the

---

[1] The court granted Davis leave to proceed *in forma pauperis*. *Order of July 24, 2015 - Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's claim if it determines that the is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claim against the Chambers County Detention Facility be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

2. The Chambers County Detention Facility be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's excessive force claim against defendant Campbell, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 10, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); see *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); see *also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE