IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LEE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-CV-535-MHT |
| | ) | (WO) |
| | ) | |
| OFFICER CAMBELL, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by David Lee Davis ("Plaintiff"), an indigent inmate.[1]  In his complaint, Plaintiff alleges that sometime between April of 2013 and August of 2013, Officer Campbell ("Defendant"), subjected him to  excessive force during a search of his cell at the Chambers County Detention Facility.

Defendant filed a special report, supported by relevant evidentiary materials, addressing Plaintiff's claims for relief.  The undisputed evidentiary materials filed by

---

[1] Plaintiff executed the complaint on July 20, 2015.  *Compl. - Doc. No. 1* at 4.  The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-1341 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Davis] signed it[ .]"  *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers July 20, 2015 as the date of filing.

Defendant establish that the incident about which Plaintiff complains occurred on May 15, 2013.  Defendant therefore argues that Plaintiff's complaint is barred by the applicable two-year period of limitations.  *Defendant's Special Report - Doc. No. 18* at 9.

On November 19, 2015, the court entered an order allowing Plaintiff to file a response to Defendant's report.  *Doc. No. 19*.  Plaintiff failed to file a response in compliance with the directives of this order.  Nevertheless, the court deems it appropriate to treat Defendant's report as a motion for summary judgment.  *Id*. at 3-4.[2]  Thus, this case is now pending on Defendant's motion for summary judgment.  Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that Defendant's motion for summary judgment is due to be granted.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th  Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[2]Since reliance on the evidentiary materials filed by the defendant is necessary in determining the actual date of the incident at issue, the court deems it appropriate to construe the report as a motion for summary judgment rather than a motion to dismiss.  *See* Rule 12(d) Fed.R.Civ.P.

of law.").[3]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (moving party has initial burden of showing there is no genuine dispute of material fact for trial).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322-324.

In this case, Defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims presented by Plaintiff. Based on the foregoing, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to

---

[3] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*. "'Shall' is also restored to express the direction to grant summary judgment."  *Id*. Despite these stylistic changes, the substance of Rule 56 remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current rule.

properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."); *Jeffery*, 64 F.3d at 593-594 (internal quotation marks omitted) (Once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact.).

This court will also consider "specific facts" pled in Plaintiff's sworn complaint when considering disposition of a case on summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Education for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007).

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). To proceed beyond

the summary judgment stage, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) (internal citation omitted). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . ., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment. . . ."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). Hence, when a

plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (summary judgment appropriate where no genuine dispute of material fact exists). At the summary judgment stage, this court must "consider all evidence in the record . . . [including] pleadings, depositions, interrogatories, affidavits, etc. -- and can only grant summary judgment if everything in the record demonstrates that no genuine [dispute] of material fact exists." *Strickland v. Norfolk Southern Railway Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004)

("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the

nonmoving party and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. The court has undertaken a thorough and exhaustive review of all the evidence contained in the record. After such review, the court finds that Plaintiff has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of Defendant. *Matsushita*, *supra*.

### III. DISCUSSION

Plaintiff asserts that Defendant used excessive force against him during a shakedown of his cell on May 15, 2013. Upon review of the undisputed evidentiary materials filed in this case, the court finds that the claims presented by Plaintiff are barred by the statute of limitations applicable to a 42 U.S.C. § 1983 action filed in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The statute of limitations begins

to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Alabama Alcoholic Beverage Control Board,* 705 F.2d 422, 425 (11th Cir.1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F .2d 924, 930 (5th Cir.1975)).   A section 1983 action therefore accrues when the plaintiff knows or has reason to know of the underlying claims. *Calhoun*, 705 F.2d at 424.

Plaintiff knew or had reason to know of the facts underlying his claims for relief at the time of the use of force on May 15, 2013.  Thus, the statute of limitations began to run on the claims presented herein on May 16, 2013.[4]  The limitations period ran uninterrupted until it expired on May 16, 2015.  As previously noted, *supra* n.1, the earliest date that the instant complaint could be deemed to have been filed is July 20, 2015.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[5]  The filing of this case therefore occurred over two months after expiration of the period of limitations and Plaintiff has no legal basis on which to proceed.  In light of the foregoing, the court concludes that the claims presented by Davis challenging actions taken against him on May 15, 2013 are barred by the

---

[4]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]"  Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.  Thus, if the incident occurred on May 15, 2013, the limitations period began to run the following day.

[5]This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...."  *Ala. Code* § 6-2-8(a).  The pleadings filed herein demonstrate that Plaintiff was not legally insane at the time of the challenged event so as to warrant tolling under *Ala. Code* § 6-2-8(a).

applicable statute of limitations and Defendant is therefore entitled to summary judgment on these claims.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant's motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of Defendant.

3.  This case be DISMISSED with prejudice.

4.  The costs of this proceeding be taxed against Plaintiff.

It is further

ORDERED that on or before March 1, 2016 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5ᵗʰ Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11ᵗʰ Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11ᵗʰ Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      Done this 16th day of February, 2016.


                     /s/ Wallace Capel, Jr.
                UNITED STATES MAGISTRATE JUDGE

11